UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONALD MICHAEL HARDY,

          Petitioner,

                                     CASE NO. 2:13-CV-13702
   v.                                  JUDGE ROBERT H. CLELAND
                                      MAGISTRATE JUDGE PAUL J. KOMIVES

KENNETH McKEE,

          Respondent.

_____/


## REPORT AND RECOMMENDATION

*Table of Contents*

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.     REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     C.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     D.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
          1.    *Guidelines Scoring* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
          2.    *Inaccurate Information* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
          3.    *Proportionality* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
               a.  Proportionality Generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
               b.  Proportionality and Juvenile Offenders . . . . . . . . . . . . . . . . . . . . . . . . . . 15
     E.    *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . 18
          1.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
          2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
     F.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
III.    NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

                        *        *        *        *        *


I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of

habeas corpus and should deny petitioner a certificate of appealability.


II.     REPORT:


A.     *Procedural History*


          1.      Petitioner Donald Michael Hardy is a state prisoner, currently confined at the

Bellamy Creek Correctional Facility in Ionia, Michigan.

2.      On March 31, 2011, petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, pursuant to his guilty plea in the Oakland County Circuit Court.  On May 5, 2011, he was sentenced to a term of 81 months' to 50 years' imprisonment on armed robbery conviction and mandatory consecutive term of two years' imprisonment on the felony-firearm conviction, both to be served consecutive to a sentence imposed in a separate case, for which petitioner was released on bond at the time of the instant offenses.

3.      Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

I.      DEFENDANT-APPELLANT DONALD MICHAEL HARDY IS ENTITLED TO BE RESENTENCED ACCORDING TO PROPERLY SCORED GUIDELINES.

II.     DEFENDANT-APPELLANT DONALD MICHAEL HARDY IS ENTITLED TO BE RESENTENCED AS HIS CURRENT SENTENCE VIOLATES THE CONSTITUTIONAL PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented."  *People v. Hardy*, No. 309938 (Mich. Ct. App. July 31, 2012).

4.      Petitioner sought leave to appeal these issues to the Michigan Supreme Court, as well as an additional claim asserting insufficient evidence to support the felony-firearm charge.  The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People v. Hardy*, 493 Mich. 898, 822 N.W.2d 769 (2012).

5.      Petitioner subsequently filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising the following claims:

I.   DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY BOTH THE STATE AND FEDERAL CONSTITUTIONS REQUIRES THAT HIS CONVICTION OF POSSESSION OF A FIREARM DURING THE COMMISSION OF CHARGED FELONY BE REVERSED AS THIS CONVICTION WAS OBTAINED ON THE BASIS OF LEGALLY INSUFFICIENT EVIDENCE.

II.  MICHIGAN SUPREME COURT ADMINISTRATIVE ORDER 2004-6, STANDARD 3 WAS NOT MET WHEN APPOINTED APPELLATE COUNSEL FAILED TO RAISE IMPORTANT AND OBVIOUS ISSUES, ACTIVELY DENYING DEFENDANT-APPELLANT OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DURING DIRECT APPEAL.

On July 31, 2013, the trial court denied petitioner's motion for relief from judgment, concluding that petitioner's claims were without merit, and that petitioner could not establish good cause for his failure to raise these claims on direct appeal as required by MICH. CT. R. 6.508(D)(3). Petitioner did not seek leave to appeal this decision in the Michigan Court of Appeals or Michigan Supreme Court.

6.    Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on August 29, 2013. As grounds for the writ of habeas corpus, he raises the sentencing claims that he raised on direct appeal, phrased as follows:

I.   PETITIONER'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS WERE VIOLATED WHEN HE WAS SENTENCED WITH INACCURATE INFORMATION NOT SUPPORTED BY EVIDENCE.

II.  PETITIONER IS ENTITLED TO RELIEF WHERE HIS CURRENT SENTENCE VIOLATES THE CONSTITUTIONAL PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT.

7.    Respondent filed his answer on March 14, 2014. He contends that petitioner's claims are without merit.

B.    *Factual Background Underlying Petitioner's Conviction*

On January 19, 2011, in a separate case, petitioner pleaded guilty to carjacking, MICH. COMP.

3

LAWS § 750.529a, and on March 3, 2011, petitioner was sentenced to a term of 12-50 years' imprisonment in that case. *See Hardy v. McKee*, No. 2:14-cv-10537, 2014 WL 793692, at *1 (E.D. Mich. Feb. 27, 2014) (Hood, J.). In the instant case, petitioner was charged with armed robbery and felony-firearm arising from a separate incident. On March 31, 2011, while trial was ongoing, petitioner decided to enter a guilty plea pursuant to a *Cobbs* evaluation.[1] Pursuant to the *Cobbs* evaluation, the trial court agreed that it would sentence petitioner either (a) to the minimum guidelines sentence if it determined that the sentence should run consecutive to the previously imposed sentence in the carjacking case, or (b) any term within the guidelines range if it determined that the sentence should run concurrent with the previously imposed sentence. *See* Plea Tr., at 3-4. After engaging in an appropriate plea colloquy, the trial court accepted petitioner's plea. *See id*. at 4-12. At sentencing, the court computed a guideline range of 81-135 months' imprisonment for the minimum term on the armed robbery conviction. *See* Sentence Information Report (attached to petitioner's application for leave to appeal in the Michigan Court of Appeals); Sentence Tr., at 13-14. The court determined that it was appropriate to sentence petitioner to a consecutive term of imprisonment on the armed robbery conviction, and sentenced him to a term of 81 months' to 50 years' imprisonment on that conviction, pursuant to the *Cobbs* evaluation. *See* Sentence Tr., at 16. Petitioner subsequently filed a motion for resentencing, challenging the trial court's scoring of Offense Variable 4, and arguing that because he was 17 years old at the time of sentence and the consecutive sentences equated to a total term of 21-102 years' imprisonment, his sentence was disproportionate to his offense. The trial court denied petitioner's motion. *See* Mot. for

---

[1]*People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to plead guilty pursuant to the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw her plea if the actual sentence imposed is more severe.

4

Resencing Tr., at 7-8.

C.      *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002).  "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694.  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme

5

Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.  As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).  As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)).  Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court."  Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412.  Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its

decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412). The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

The deferential standard of review set forth in § 2254(d) applies even though the Michigan Court of Appeals did not issue a reasoned decision. As the Supreme Court has explained, an unexplained summary order by a state court is presumed to be a rejection of the claims on the merits, and the petitioner bears the burden of demonstrating that the rejection was on some basis other than the merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). Here, there is no indication that the Michigan Court of Appeals denied petitioner's applications for leave to appeal on any basis

7

other than the merits.  On the contrary, the court of appeals explicitly stated that its denials were "for lack of merit in the grounds presented," and the Michigan Court of Appeals has repeatedly held a denial on this basis is "a determination on the merits of the case."  *Attorney Gen'l ex rel. Dep't of Treasury v. Great Lakes Real Estate Investment Trust*, 77 Mich. App. 1, 3, 257 N.W.2d 248, 249 (1977); *accord Hoye v. DMC/WSU*, No. 285780, 2010 WL 334833, at *1 (Mich. Ct. App. Jan. 28, 2010) (per curiam); *McCabe v. Miller & Assocs., L.L.P.*, No. 275498, 2007 WL 2935032, at *3 (Mich. Ct. App. Oct. 9, 2007) (per curiam); *People v. Douglas*, 122 Mich. App. 526, 530, 332 N.W.2d 521, 523 (1983).  Accordingly, the Michigan Court of Appeals's denial of petitioner's application for leave to appeal "for lack of merit in the grounds presented" constitutes an adjudication on the merits for purposes of § 2254(d).  *See Snyder v. Lafler*, No. 09-13773, 2011 WL 309056, at *3 (E.D. Mich. Jan. 27, 2011) (Roberts, J.).

D.     *Analysis*

1.     *Guidelines Scoring*

Petitioner first contends that the trial court erred in scoring Offense Variable 4 (OV-4) in computing his guidelines sentence.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.  A habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987).  Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  Petitioner's claim that the court improperly scored or departed from the guidelines range raises issues of state law that are

8

not cognizable on habeas review. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.) (same); *see also, Branan*, 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review). Thus, petitioner is not entitled to habeas relief on his claims relating to the trial court's scoring of, or departure from, the Michigan sentencing guidelines.

Moreover, even if this claim were cognizable, petitioner cannot show that the trial court erred in scoring the guidelines. OV-4 requires the assessment of 10 points if "[s]erious psychological injury requiring professional treatment occurred to a victim." MICH. COMP. LAWS § 777.34(1)(a). "In making this determination, the fact that treatment has not been sought is not conclusive." MICH. COMP. LAWS § 777.34(2). At sentencing, the prosecutor presented a letter written by the victim, in which the victim stated that since the robbery he had lost his feeling of safety, was constantly worried about his thirteen year old son, and now lived his life in fear. *See* Sentence Tr., at 5. These statements from the victim regarding the psychological impact of the crime on her were sufficient to support the scoring of OV-4. *See People v. Gibbs*, 299 Mich. App. 473, 493, 830 N.W.2d 821, 831 (2013); *People v. Williams*, 298 Mich. App. 121, 124, 825 N.W.2d 617, 673 (2012). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

2.    *Inaccurate Information*

Relatedly, petitioner argues that the trial court's misscoring of OV-4 resulted in a sentence that was based on inaccurate information. This claim is without merit. In *Townsend v. Burke*, 334

U.S. 736 (1948), and *United States v. Tucker*, 404 U.S. 443 (1972), "the United States Supreme Court invalidated defendants' sentences because they were imposed by trial courts in reliance upon material false assumptions of fact." *Eutzy v. Dugger*, 746 F. Supp. 1492, 1504 (N.D. Fla. 1989) (discussing *Townsend* and *Tucker*); *accord Stewart v. Peters*, 878 F. Supp. 1139, 1144 (N.D. Ill. 1995) (same). *See generally*, *Tucker*, 404 U.S. at 448-49; *Townsend*, 334 U.S. at 740-41. It is well established, however, that a *Tucker* violation arises only where the improper information "actually served as the basis for the sentence." *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002) (internal quotation omitted); *see also*, *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985). "A sentencing court demonstrates reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the information before imposing sentence." *Lechner*, 341 F.3d at 639 (quoting *Tucker*, 404 U.S. at 444, 447). Thus, to be entitled to habeas relief on this claim  petitioner "must show that the sentencing court actually relied on this information and that it was materially false." *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000) (Gadola, J.).

Here, petitioner's challenge is not to the accuracy of the information relied upon by the trial court. Rather, he contends that the facts relied upon by the trial court were insufficient as a legal matter to support the trial court's scoring of the offense variables. As noted above, the legal sufficiency of the facts to support the scoring of an offense variable is a question of state law which is not cognizable on habeas review. *See Norton v. Lafler*, No. 08-12797, 2010 WL 5672743 (Apr. 19, 2010) (Komives, M.J.), *magistrate judge's report adopted*, 2011 WL 318099, at *2 (E.D. Mich. Jan. 31, 2011) (Hood, J.); *Southward v. Warren*, No. 2:08-CV-10398, 2009 WL 6040728, at *19

(July 24, 2009) (Komives, M.J.), *magistrate judge's report adopted*, 2010 WL 733035, at *2 (E.D. Mich. Feb. 26, 2010) (Steeh, J.).  At best, petitioner's argument boils down to a dispute over the trial court's resolution of factual questions.  However, this is insufficient to establish that he was sentenced on the basis of material false information in violation of his right to due process under *Townsend* and *Tucker*.  As the Court made clear in *Townsend*, an alleged error by the trial court in resolving a disputed factual question at sentencing does not constitute reliance on materially false information:

> Nor do we mean that mere error in resolving a question of fact on a plea of guilty by an uncounseled defendant in a non-capital case would necessarily indicate a want of due process of law. Fair prosecutors and conscientious judges sometimes are misinformed or draw inferences from conflicting evidence with which we would not agree. But even an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law.

*Townsend*, 334 U.S. at 741.  "Thus, what is essential is that the sentencing judge decide upon the sentence after being made aware of all exculpatory evidence and of the defendant's version of the story." *United States v. Von Saltzer*, 532 F. Supp. 584, 586 (D. Nev. 1982).  Here petitioner, through counsel, had the opportunity to object to the scoring of the offense variables.  The trial judge, based on the information available, drew inferences from the facts and made factual findings.  While petitioner disputes those findings, he has offered nothing to show that they were materially false.  Thus, he has failed to establish a due process violation under *Townsend*, and the Court should conclude that petitioner is not entitled to habeas relief on this claim.

      3.    *Proportionality*

Finally, petitioner contends that his sentence was disproportionate to his offense.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

*a.  Proportionality Generally*

11

Applying the Supreme Court's generally applicable proportionality jurisprudence, it is clear that petitioner's sentence of 81 months' to 50 years' imprisonment does not amount to cruel and unusual punishment prohibited by the Eighth Amendment.  In *Solem v. Helm*, 463 U.S. 277 (1983), the Supreme Court held that the Eighth Amendment requires that "a criminal sentence be proportionate to the crime for which the defendant has been convicted." *Id.* at 290. In considering whether a sentence is proportionate, the Court identified three objective factors which are relevant: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for the same crime in other jurisdictions." *Id.* at 292. Applying this test to the facts before it, the Court found that the defendant's sentence of life imprisonment without possibility of parole under a habitual offender statute was disproportionate where the three underlying felonies were nonviolent crimes involving small sums of money, the final felony being for uttering a false check. *See id.* at 303.  However, the reach of *Solem* has been limited by the Supreme Court's more recent decisions.  In *Harmelin v. Michigan*, 501 U.S. 957 (1991), the Court held that Michigan's mandatory sentence of life imprisonment for possession of over 650 grams of a controlled substance did not violate the Eighth Amendment. Justice Scalia, joined by Chief Justice Rehnquist, reasoned that *Solem* was wrongly decided and should be overruled, and concluded that the Eighth Amendment contains no proportionality requirement outside the capital punishment context. *See Harmelin*, 501 U.S. at 965 (Scalia, J.). Justice Kennedy, joined by Justices O'Connor and Souter, concluded that the Eighth Amendment contains a very narrow proportionality principle, which prohibits only those punishments which are 'grossly' disproportionate to the crime. *See id.* at 1001 (Kennedy, J.). Further, Justice Kennedy's opinion distinguished *Solem*, essentially limiting application of the *Solem*

12

objective criteria test to the facts in that case. *See id.* at 1001-05. Specifically, Justice Kennedy concluded that the objective analysis required in *Solem* is "appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Id*. at 1005-06.[2] Thus, it is unclear whether, and to what extent, *Solem* remains good law. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992) ("By applying a head-count analysis, we find that seven members of the Court supported a continued Eighth Amendment guaranty against disproportional sentences. Only four justices, however, supported the continued application of all three factors in *Solem*, and five justices rejected it. Thus, this much is clear: disproportionality survives; *Solem* does not.").

As the Sixth Circuit has summarized, under *Harmelin*, "although only two Justices [Rehnquist and Scalia] would have held that the eighth amendment has no proportionality requirement, five Justices [Kennedy, O'Connor, and Souter, along with Rehnquist and Scalia] agree that there is no requirement of strict proportionality." *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991). At most, then, the Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin*, 501 U.S. at 1001; *Hopper*, 941 F.2d at 422 ("the eighth amendment is offended only by an extreme disparity between crime and sentence"). Thus, as a general matter, "one could argue without fear of contradiction by any decision of the [Supreme] Court that for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of sentence actually imposed is purely a matter of legislative prerogative." *Rummel v. Estelle*, 445 U.S. 263, 274 (1980); *see*

---

[2] Justices White, Blackmun, Stevens, and Marshall all concluded that *Solem* should be upheld, and the three factor test applied to the sentencing scheme at issue. *See Harmelin*, 501 U.S. at 1016 (White, J., dissenting).

*Harmelin*, 501 U.S. at 962-65 (Scalia, J.); *id*. at 997-1001 (Kennedy, J.)

More recently, the Supreme Court again considered the proportionality issue under the Eighth Amendment, resulting in a split similar to that reached in *Harmelin*. In *Ewing v. California*, 538 U.S. 11 (2003), a three-justice plurality reaffirmed Justice Kennedy's approach in *Harmelin*, concluding that the Eighth Amendment contains a narrow proportionality principle which forbids sentences which are grossly disproportionate to the offense. *See id.* at 23-24 (opinion of O'Connor, J.) Justice O'Connor was joined in this position by Justice Kennedy, who had authored the plurality opinion in *Harmelin*, and by Chief Justice Rehnquist, who in *Harmelin* had joined Justice Scalia in concluding that the Eighth Amendment contains no proportionality requirement outside of the capital sentencing context. Justice Scalia, now joined by Justice Thomas (who was not on the Court when *Harmelin* was decided), reaffirmed his view that the Eighth Amendment contains no proportionality guaranty. *See id*. at 32 (opinion of Scalia, J.); *id*. at 32 (opinion of Thomas, J.). Justice Stevens likewise reaffirmed his view from *Harmelin* that the three-factor test of *Solem* guides the proportionality inquiry under the Eighth Amendment. Justice Stevens was joined in this view by Justice Souter, who had joined the plurality opinion of Justice Kennedy in *Harmelin*, as well as by Justices Ginsburg and Breyer, who were not on the Court when *Harmelin* was decided. *See id.* at 33-35 (opinion of Stevens, J.); *id*. at 36-37 (opinion of Breyer, J.).  Thus, although the particular Justices attached to each position have changed somewhat, the numbers and rationales in *Ewing* break down precisely as they did in *Harmelin*. Thus, for purposes of habeas review, the Sixth Circuit's analysis of *Harmelin*, in which this Court asks only whether the sentence is grossly disproportionate to the offense, *see Coleman v. DeWitt*, 282 F.3d 908, 915 (6th Cir. 2002); *United States v. Baker*, 197 F.3d 211, 217 (6th Cir. 1999), remains controlling under *Ewing*.

14

Here, the *Harmelin* plurality's "threshold comparison" of petitioner's crime and the sentence imposed, does not "lead to an inference of gross disproportionality," *Harmelin*, 501 U.S. at 1005. Petitioner was sentenced to a term of 81 months' to 50 years' imprisonment for an armed robbery–which carries a maximum potential penalty of life imprisonment, *see* MICH. COMP. LAWS § 750.529–that involved petitioner demanding the victim's wallet while pointing a shotgun at him. *See* Plea Tr., at 10.  In these circumstances, petitioner's sentence of 81 months' to 50 years' imprisonment is not grossly disproportionate to his offense.  *See, e.g.*, *Little v. Butler*, 848 F.2d 73, 77 (5th Cir. 1988) (25 year sentence for attempted armed robbery not disproportionate); *United States v. Oglesby*, 764 F.2d 1273, 1279 (7th Cir. 1985) (20 year sentence for armed robbery); *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1075 (E.D. Mich. 2000) (Gadola, J.) (20-50 year sentence for armed robbery); *Atkins v. Overton*, 843 F. Supp. 258, 261-62 (E.D. Mich. 1994) (Gadola, J.) (10-30 year sentence for armed robbery).[3]

### b.  Proportionality and Juvenile Offenders

Notwithstanding the foregoing, petitioner argues that his sentence is disproportionate because he was a juvenile at the time of his offenses, and the combined maximum consecutive sentence of 102 years is effectively a life sentence.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

---

[3]The fact that the sentence was ordered to run consecutive to petitioner's prior conviction does not render the sentence disproportionate.  *See Cowherd v. Million*, 260 Fed. Appx. 781, 785-86 (6th Cir. 2008) (consecutive sentences not disproportionate where each sentence was proportionate and within range prescribed by the legislature); *Government of Virgin Islands v. Garcia*, 232 Fed. Appx. 167, 170 (3d Cir. 2007) (same).  And even if the consecutive nature of the sentence were relevant, petitioner could not show that his sentence was disproportionate.  "Lengthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition on cruel and unusual punishment when based on proper application of the Sentencing Guidelines."  *United States v. Yousef*, 327 F.3d 56, 163 (2d Cir. 2003).

In support of his claim, petitioner relies on *Graham v. Florida*, 560 U.S. 48 (2010). In that case, the Court held that "for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole." *Id*. at 74. *Graham* is inapplicable here, because petitioner was not sentenced to life without parole. Even assuming that it is appropriate to aggregate petitioner's consecutive sentences for purposes of applying *Graham*, and assuming further that petitioner's potential maximum term of 102 years is effectively a life sentence, petitioner remains eligible for parole after he has served the combined minimum terms of 81 months and 12 years, plus the consecutive two year term on the felony firearm conviction. The Court was careful in *Graham* to make clear that a state may incarcerate a juvenile for a lengthy term, and even for life, so long as the offender may become eligible for release:

> A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants like Graham some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. It is for the State, in the first instance, to explore the means and mechanisms for compliance. It bears emphasis, however, that while the Eighth Amendment forbids a State from imposing a life without parole sentence on a juvenile nonhomicide offender, it does not require the State to release that offender during his natural life. Those who commit truly horrifying crimes as juveniles may turn out to be irredeemable, and thus deserving of incarceration for the duration of their lives. The Eighth Amendment does not foreclose the possibility that persons convicted of nonhomicide crimes committed before adulthood will remain behind bars for life. It does forbid States from making the judgment at the outset that those offenders never will be fit to reenter society.

*Id*. at 75. In *Miller v. Alabama*, 132 S. Ct. 2455 (2012), the Court extended *Graham* to prohibit life without parole for all offenses committed by a juvenile, even homicide offenses, when the penalty is mandatory. *See id*. at 2469. Even there, however, the Court made clear that a court may sentence a juvenile homicide offender to life without parole if that sentence is the result of an individualized determination, rather than merely pursuant to a mandatory sentencing scheme. *See id*.

16

The Michigan Court of Appeals's rejection of petitioner's claim does not run afoul of *Graham* and *Miller* because petitioner was not sentenced to a term of life without parole. On the contrary, petitioner will be eligible for parole after serving about 20 years. In *Bunch v. Smith*, 685 F.3d 546 (6th Cir. 2012), the Sixth Circuit rejected a similar claim. In *Bunch*, the juvenile offender was sentenced to consecutive fixed terms totaling 89 years' imprisonment. *See id*. at 547. He sought habeas relief, contending that his sentence amounted to the functional equivalent of a life without parole sentence, and thus was contrary to *Graham*. *See id*. Extensively analyzing the Court's reasoning and holding in *Graham*, the Sixth Circuit concluded that the district court properly denied habeas relief. The court concluded that *Graham* "did not clearly establish that consecutive, fixed-term sentences for juveniles who commit multiple nonhomicide offenses are unconstitutional when they amount to the practical equivalent of life without parole," and thus that "the district court properly denied Bunch's habeas petition." *Id*. at 550. This conclusion is even more compelling here, where petitioner was not sentenced to a fixed-term that is the practical equivalent of a sentence of life without parole. On the contrary, here petitioner was sentenced to an indeterminate term providing the opportunity for parole after about 20 years of his sentence.[4] In short, "*Bunch* is controlling here," and even if the Court "were to apply *Graham* to [petitioner's] consecutive . . . sentence for multiple offenses," petitioner's "meaningful opportunity for parole renders *Graham* inapplicable." *Goins v. Smith*, ___ Fed. Appx. ___, ___, 2014 WL 594047, at *5 (6th Cir. Feb. 18, 2014). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his

---

[4]According to the Michigan Department of Corrections's Offender Tracking Information System website, petitioner's earliest release date is September 12, 2031, when petitioner will be 37 years old. *See* http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=793957 (visited May 1, 2014).

17

proportionality claim.[5]

E.    *Recommendation Regarding Certificate of Appealability*

    1.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1).  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to

---

[5]I note further that petitioner cannot obtain relief by arguing that the Michigan Court of Appeals unreasonably refused to extend *Graham* to his case.  The Supreme Court recently rejected the "unreasonable-refusal-to-extend" rule adopted by some courts under § 2254(d)(1), explaining: "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error.  Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *White v. Woodall*, ___ S. Ct. ___, ___, 2014 WL 1612424, at *8 (Apr. 23, 2014) (citations omitted) (quoting *Yarborough*, 541 U.S. at 666).

18

deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999)

(quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893

n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new

Act does, however, require that certificates of appealability, unlike the former certificates of

probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C.

§ 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254

Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a

certificate of appealability "state the specific issue or issues that satisfy the showing required by §

2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of

Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not

issue."  FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory

committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either

grant or deny the certificate of appealability at the time of its final adverse order, I include a

recommendation regarding the certificate of appealability issue here.

2.  *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the

Court should also conclude that petitioner is not entitled to a certificate of appealability.  It is clear

that petitioner's challenge to the scoring of OV-4 does not present a federal constitutional claim

cognizable on habeas review.  It is also clear that petitioner does not challenge the factual accuracy

19

of the information relied upon by the trial court in imposing sentence, but only the court's application of the facts to the law.  Thus, the resolution of petitioner's first claim is not reasonably debatable.  Because, as explained above, petitioner's sentence was not grossly disproportionate to his offense, and because his lengthy consecutive sentence does not implicate *Graham*, the resolution of petitioner's proportionality claim is not reasonably debatable.  Accordingly, the Court should deny petitioner a certificate of appealability.

F.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any

objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: May 6, 2014                         s/Paul J. Komives_____
                                           PAUL J. KOMIVES
                                           UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on May 6, 2014, electronically and/or by U.S. Mail.

                                           s/Michael Williams_____
                                           Case Manager for the
                                           Honorable Paul K. Komives

21